# MCINNIS LAW

521 FIFTH AVENUE, 17TH FLOOR ♦ NEW YORK, NY 10175-0038
TEL: (212) 292-4573 ♦ FAX: (212) 292-4574 ♦ CELL: (917) 903-9424

E-MAIL: TMCINNIS@MCINNIS-LAW.COM

WWW.MCINNIS-LAW.COM

November 27, 2017

**By ECF filing**
Hon. John G. Koeltl
U.S. District Court, S.D.N.Y.
500 Pearl Street
New York, NY 10007

Re:   Fassi v. ArchCare, 15-CV-06871(JGK)

Dear Judge Koeltl:

I am counsel for plaintiff Denise Fassi and write in response to Defendant's letter dated November 20, 2017, ECF No. 20, requesting a conference antecedent to filing a motion to dismiss under Fed. R. Civ. P. 12(b)(6). While a defendant is always free to make such a motion, doing so here would be a waste of time, as discussed below.

Plaintiff's first amended complaint ("FAC"), ECF No. 12, seeks relief under the False Claims Act's wide-reaching whistleblower protection provision, 31 U.S.C. § 3730(h).[1] To state a plausible § 3730(h) claim for whistleblower retaliation a complaint need only plead facts under Fed. R. Civ. P. 8(a)'s notice standard showing that "'(1) the employee engaged in conduct protected under the FCA; (2) the employer knew that the employee...engaged in such conduct; and (3) the employer discharged, discriminated against or otherwise retaliated against the employee because of the protected conduct.'" *U.S. ex rel. Platz v. Bank of Am. Corp.*, 2016 U.S. Dist. LEXIS 44279 at **37-38 (S.D.N.Y. 2016) (citation omitted).

---

[1] Section 3730(h) provides, in part:

> Any employee…shall be entitled to all relief necessary to make that employee…whole, if that employee…is discharged, demoted, suspended, threatened, harassed, *or in any other manner discriminated against in the terms and conditions of employment* because of lawful acts done by the employee…in furtherance of an action under this section or other efforts to stop 1 or more violations of this subchapter.

31 U.S.C. § 3730(h) (emphasis added).

Timothy J McInnis                                Page 2                              November 27, 2017

Paragraphs 3-4 and 60-65 of the FAC more than sufficiently meet the Supreme Court's plausibility test for stating a cognizable § 3730(h) claim.[2] Collectively, these allegations detail how Defendant's supervisors and employees purposefully harassed and mistreated Ms. Fassi almost immediately after she discovered fraudulent Medicare billing practices (gaming Medicare Advantage scores) and brought them to the attention of her supervisor and other management-level employees. Defendant's supervisors' adverse employment actions against Ms. Fassi included: castigating Ms. Fassi for "opening a can of worms;" glaring at her in a menacing manner for weeks on end; yelling at her; excluding her from meetings; suspending her employment for three days; filing false charges of insubordination against her; taking away her computer passwords and access; assigning her to a geographically remote location; and, giving her a false negative review without permitting her an opportunity to rebut it. Defendant's retaliation also included fostering an environment where fellow employees: refused to work with Ms. Fassi because she was trying to stop billing fraud; criticized her for being diligent in trying to apply Medicare billing rules; and referred to her as a "rat."  See FAC ¶¶ 64-65.

Defendant says it plans to move to dismiss the FAC because it supposedly does not plead facts from which one can infer Ms. Fassi was constructively discharged from her job. As a threshold point, the False Claims Act does not require an allegation of discharge (actual or constructive) to state a claim. Rather, by its express terms the Act broadly covers "any…manner" of employment discrimination directed at an employee in retaliation for engaging in protected whistleblowing conduct. See § 3730(h). Moreover, paragraphs 3-4 and 60-65 of the FAC, as summarized above, sufficiently allege facts from which one can readily infer Defendant's supervisors and employees made Ms. Fassi's job "so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." *Terry v. Ashcroft*, 336 F.3d 128, 152 (2d Cir. 2003).[3]

Because it is a fact-intensive inquiry, courts typically evaluate the viability of a constructive discharge claim only after discovery. See this court's decision in *Dooner v. Keefe, Bruyette & Woods, Inc.*, 157 F. Supp. 2d 265, 283 (S.D.N.Y. 2001) ("If the facts the plaintiff alleges are true, there is at least an issue of fact with respect to whether a reasonable person in the plaintiff's shoes would have felt compelled to resign."); see also the following § 3730(h) cases from other courts: *United States ex rel. Worthy v. E. Me. Healthcare Sys.*, No. 2:14-cv-00184-JAW, 2017 U.S. Dist. LEXIS 6556, at *111 (D. Me. Jan. 18, 2017) (Given that constructive discharge is a fact-intensive inquiry and [plaintiff] has pleaded sufficient facts to support her claim, the motion to dismiss ... is denied.); *United States ex rel. Hood v. Satory Glob., Inc.*, 946 F. Supp. 2d 69, 88 (D.D.C. 2013) (even allegations of constructive discharge that were indirect and not overwhelmingly probative "provide[d] sufficient support for Plaintiffs' allegations that they were subjected

---

[2] See *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[3] Should the court have any doubt as to this, then Ms. Fassi will seek leave under Rule 15(a)(2), to file a second amended complaint, amplifying both the adverse conduct she experienced at Defendant's hands and the injurious physical and emotional effects it had on her.

Timothy J McInnis                              Page 3                         November 27, 2017

to retaliation at least in part 'because of lawful acts' they took regarding what eventually became [an] FCA case" and therefore denial of defendant's motion to dismiss was proper); and *Layman v. MET Labs., Inc.*, Civil Action No. RDB-12-2860, 2013 U.S. Dist. LEXIS 71038, at *11 (D. Md. May 20, 2013) (plaintiff's claim that he resigned the same day he was demoted raised sufficient factual issues of constructive discharge to warrant denial of defendant's motion to dismiss).

Defendant's own submission illustrates the need for discovery before a dispositive motion can be heard. Of the seven cases on which Defendant relies, six arise from motions for summary judgment under Fed. R. Civ. P. 56, not motions to dismiss under Rule 12(b)(6). Because there currently is no record from which the court can assess Ms. Fassi's allegation of constructive discharge (in addition to the other adverse actions against her), it is premature to entertain Defendant's narrow challenge to this aspect of her complaint.[4]

The only Rule 12(b)(6) case Defendant cites is *U.S. ex rel. Platz v. Bank of Am. Corp.*, 2016 U.S. Dist. LEXIS 44279, and that case, if decided correctly (which plaintiff here does not concede) is readily distinguishable from this matter. There, Platz contended he was constructively discharged because his supervisor did nothing more egregious than give him a cold shoulder, threaten to take away his assistant, and deny him a year-end bonus. Moreover, Platz did not allege he suffered medical or emotional issues as a result of these acts. *Id*. at ** 39-40. Here, however, not only has Ms. Fassi alleged much more severe retaliatory misconduct (see, e.g., FAC ¶¶ 64-66), but she has also alleged she suffered "physical injuries and emotional distress" as a result of Defendant's adverse employment actions against her (FAC ¶ 4).

The undersigned asks the Court to weigh the foregoing facts and argument in considering Defendant's request for a pre-motion conference.

                                                        Respectfully submitted,

                                                        /s/ Timothy J. McInnis, Esq.

cc: Ernest R. Stolzer, Esq. (by ECF)

---

[4] If successful, at most Defendant's motion would only limit the scope of Ms. Fassi's § 3730(h) claim since it does not challenge the adequacy of her allegations concerning protected conduct, notice and other forms of discrimination besides constructive discharge.